UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL ANTHONY JUYMOHAN,

    Plaintiff,

v.    Case No. 3:25-cv-386-MMH-LLL

LIEUTENANT A. SANDALL and
OFFICER J. GROSS,

    Defendants.

## ORDER

Plaintiff Michael Anthony Juymohan, an inmate of the Florida penal system, initiated this action on April 7, 2025, by filing a pro se Complaint for Violation of Civil Rights (Complaint; Doc. 1). He names Lieutenant A. Sandall and Officer J. Goss[1] as Defendants. See id. at 2. Juymohan alleges that on November 23, 2024, Defendants placed him on a 72-hour property restriction "out of retaliation." Id. at 6. However, he asserts that prison officials did not return his property until November 29, 2024. See id. According to Juymohan, Defendants violated the Eighth Amendment when they kept him on property restriction for more than 72 hours. See id. at 3–4, 6. As a result, Juymohan

---

[1] The **Clerk** is directed to correct the name of Defendant "Officer J. Gross" to "Officer J. Goss." See Complaint at 2.

allegedly experienced severe back pain, loss of sleep, and "excruciating coldness." Id. at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief.[2] See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears

---

[2] Juymohan requests to proceed as a pauper. See Motion (Doc. 2).

that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, and therefore courts apply the same standard in both contexts.[3] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

---

[3] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262–63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the

4

elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

In assessing the Complaint, the Court must read Juymohan's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quoting GJR Invs., Inc.

v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Here, the Complaint is subject to dismissal pursuant to the Court's screening obligation. To state a claim that his conditions of confinement violated the Eighth Amendment, Juymohan must allege that Defendants were deliberately indifferent to conditions that were "sufficiently serious." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004). Conditions of confinement are sufficiently serious under the Eighth Amendment only if they are so extreme that they expose the prisoner to "an unreasonable risk of serious damage to his future health or safety." Id. Allegations of merely harsh conditions do not state a claim under the Eighth Amendment. Id.

Juymohan's allegations fall well short of stating a plausible Eighth Amendment claim regarding his retention on property restriction. Prison officials deprived Juymohan of his property for a short time: approximately six days. And he does not allege that he was exposed to unsanitary conditions or any other significant risk of harm. Juymohan merely asserts that he experienced some discomfort, and in doing so, he fails to suggest that his conditions posed an unreasonable risk of serious injury to his future health or

6

safety. See O'Connor v. Kelley, 644 F. App'x 928, 932 (11th Cir. 2016)[4] (per curiam) (finding that the prisoner did not allege sufficient facts to suggest that the conditions of his confinement were cruel and unusual when he was placed on strip status for weeks).

Insofar as Juymohan asserts a retaliation claim against Defendants, it is subject to dismissal. Juymohan fails to allege specific facts in support of his assertion that Defendants retaliated against him when they placed him on property restriction. Indeed, he does not identify what, if any, sort of protected speech he engaged in (e.g., submitting a grievance), much less establish a causal connection between the placement on property restriction and the protected speech. See Williams v. Radford, 64 F.4th 1185, 1192 (11th Cir. 2023) (detailing the requirements for a plaintiff to prevail on a retaliation claim). His vague and conclusory allegations are insufficient to sustain a claim for relief under § 1983.

Therefore, it is now **ORDERED:**

1. This case is **DISMISSED without prejudice**.

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. Gov't Emps. Ins. Co., 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

7

2.  The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of September, 2025.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

Jax-9 9/23
c:   Michael Anthony Juymohan, #129579